## WILLIAM HODSKIN *vs.* THOMAS COX & another.

A receiptor for property attached agreed by the terms of his receipt to redeliver it on demand to the officer, at a place named; and also that, if no demand should be made, he would, within thirty days after judgment in the action, redeliver the property, as aforesaid, that it might be taken on execution. It was held that, although no demand was made, he was liable on his receipt, if he failed to redeliver the property at the place named, within thirty days after judgment.

THIS was an action on the case for a breach of the following agreement:

"Berkshire, *ss.* July 12th, 1848. Received of William Hodskin, deputy sheriff, for safe keeping, the goods and chattels following, viz., [Here followed a description of the property,] of the value of two hundred dollars, which property the said officer has taken by virtue of a writ against W. W. Green, in favor of Charles Thompson et al., returnable at the August term of the court of common pleas for the county of Franklin, 1848; and, in consideration of one dollar, paid us by the above-named officer, the receipt whereof we do hereby acknowledge, we hereby promise and agree safely to keep and redeliver all the property above mentioned to the said officer, or his order, or to his successor in office, on demand, to be delivered at said Hodskin's store, in Adams, in the like good order that the same is now in, free from all charge and expense to the above-named officer or the creditor aforesaid; and we agree that a demand on us shall be considered as binding on us; and we further agree, that if no demand be made upon us, we will, within thirty days from the rendition of judgment in the action aforesaid, redeliver all the above-described property, as aforesaid, that the same may be taken in execution. Thomas Cox, David Walley."

The case was submitted to the court of common pleas, and upon appeal to this court, upon the following statement of facts: The property attached was left in the possession of Green, the defendant in that action, upon and by reason of the giving of the above receipt. No dollar was actually paid by the defendants to the plaintiff upon the giving of this receipt. Judgment was rendered in the action of *Thompson v. Green,* on the 25th of November, 1848, and execution issued thereon on the 4th of December, and was put into the hands of the plaintiff on the 6th, who was ready with the execution at all times afterwards, at his store in Adams, to receive the property in question upon the execution, and who, on the 29th of the same month, demanded the property of the defendants. On the 25th of said December, Green, on the peti-

tion of his creditors, was declared insolvent, and a warrant issued against his estate, which, on the 27th of December, was delivered to a messenger, and served by him, by taking possession of all Green's property, and giving him notice. The first publication of notice was made on the 4th of January, 1849. The plaintiff had notice of the warrant before bringing this action. If the court are of opinion that the plaintiff can recover, judgment is to be rendered for the amount of the judgment recovered against Green, and costs; if otherwise, for the defendants.

*H. L. Dawes,* for the plaintiff.

*W. Porter,* for the defendants.

SHAW, C. J.   This case seems to be settled by the terms of the receipt, which differ essentially from those ordinarily given by receiptors of property attached on mesne process, to the attaching officer.   Commonly, notice and demand are necessary, because the fact, that the judgment has been rendered and execution issued, lies more in the knowledge of the officer than of the receiptor.   But, in the present case, the defendants took upon themselves to know when judgment should be entered, and within thirty days from that day to deliver the goods at the plaintiff's store; and the case finds that the plaintiff was there with the execution, ready to take them.   The obligation was, to deliver the property, at any time before or after judgment, on being demanded; but, at all events, whether demanded or not, to deliver it at the plaintiff's store within thirty days after judgment.   Had it been so delivered, it would have been bound by the execution, and the right of the creditor to apply it in the satisfaction of his debt would not have been defeated by the subsequent proceedings in insolvency.

*Judgment for the plaintiff.*